

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **SEALED** SEALED |
|  | : | **SEALED** |
| Plaintiff, | : | SECOND SUPERSEDING INDICTMENT |
|  | : |  |
| vs. | : | Case No. 2:08-cr-758 DAK |
|  | : | VIOS. |
| ERIC KAMAHELE aka "Smooth," | : | 18 U.S.C. § 1962(d), CONSPIRACY TO |
| MATAIKA TUAI aka "Fish," |  | CONDUCT THE AFFAIRS OF AN |
| LATUTAOFIEIKII FAKAOSIULA, | : | ENTERPRISE THROUGH A PATTERN |
| VAINGA KINIKINI, |  | OF RACKETEERING ACTIVITY; |
| TEVITA TOLUTAU aka "Kingi," | : | 18 U.S.C. § 1959(a), VIOLENT CRIMES |
| SIALE ANGILAU aka "C-Down," |  | IN AID OF RACKETEERING; |
| PENISIMANI FANGUPO aka | : | 18 U.S.C. § 1951(a), HOBBS ACT |
| "Deuce," |  | ROBBERY; |
| DAVID KAMOTO aka "D-Down," | : | 18 U.S.C. § 2119(2), CARJACKING; |
| VILIAMI LOUMOLI aka "Eazy-V," |  | 18 U.S.C. § 111(a), ASSAULT ON A |
| DANIEL MAUMAU aka "D-Loc," | : | FEDERAL OFFICER; |
| KEPA MAUMAU aka "Kap-Loc," |  | 18 U.S.C. § 924(c), USE, CARRY, |
| CHARLES MOA aka "Slim-Loc," | : | BRANDISH AND DISCHARGE OF A |
| GEORGE PUPUNU aka "T-Rex," |  | FIREARM DURING AND IN |
| SITAMIPA TOKI aka "Tok-Loc" | : | RELATION TO A CRIME OF |
| JOHN TUAKALAU aka "Sin-Loc," |  | VIOLENCE |
| PETER TUIAKI aka "Pistol-Pete," and | : |  |
| DAVID WALSH aka "D-Nutt," |  |  |
|  | : |  |
| Defendants. |  |  |
|  | : |  |
|  | : |  |
|  | : |  |

The Grand Jury charges:

## INTRODUCTION

### THE RACKETEERING ENTERPRISE:
The Tongan Crip Gang, also known as "TCG"

1. At all times relevant to this Second Superseding Indictment, in the Central

Division of the District of Utah, and elsewhere, Defendants,

**SIALE ANGILAU aka "C-Down,"**
**PENISIMANI FANGUPO aka "Deuce,"**
**ERIC KAMAHELE aka "Smooth,"**
**DAVID KAMOTO aka "D-Down,"**
**VILIAMI LOUMOLI aka "Eazy-V,"**
**DANIEL MAUMAU aka "D-Loc,"**
**KEPA MAUMAU aka "Kap-Loc,"**
**CHARLES MOA aka "Slim-Loc,"**
**GEORGE PUPUNU aka "T-Rex,"**
**SITAMIPA TOKI aka "Tok-Loc,"**
**MATAIKA TUAI aka "Fish,"**
**JOHN TUAKALAU aka "Sin-Loc," and**
**PETER TUIAKI aka "Pistol-Pete,"**

and others, were members and associates of the Tongan Crip Gang, also known as

"TCG," a criminal organization comprised primarily of males of Tongan descent.

Members and associates of TCG engage and have engaged in acts of violence, including

murder, attempted murder, robbery and assault. TCG, including its leadership,

membership and associates, constitutes an "enterprise" as defined by Title 18, United

States Code, Section 1961(4), that is, a group of individuals associated-in-fact. The TCG

criminal enterprise constitutes an ongoing organization whose members function as a

continuing unit for a common purpose of achieving the objectives of the enterprise. The

enterprise is and was engaged in activities which have an effect on interstate and foreign

commerce.

2

**Purposes of the Enterprise**

2.  The purposes of the enterprise include the following:

a.  Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations;

b.  Preserving and protecting the power and territory of the enterprise through the use of intimidation, threats and acts of violence including assaults and murder;

c.  Keeping victims and rivals in fear of the enterprise's members and associates; and,

d.  Enriching the members and associates of the enterprise through criminal activity including, among other things, murder and attempted murder, robbery and assault.

**Means and Methods of the Enterprise**

3.  Among the means and methods by which the defendants and their associates conduct and participate in the conduct of the affairs of the enterprise are and were the following:

a.  Members and associates of the enterprise committed, attempted to commit and threatened to commit acts of violence, including murder, attempted murder, robbery and assault, to enhance the enterprise's prestige and to protect and expand the enterprise's criminal operations;

3

b. Members and associates of the enterprise used and threatened to use physical violence against various individuals, including members of rival criminal organizations;

c. Members and associates of the enterprise used, attempted to use, and conspired to use robbery as means of obtaining goods and money.

### TCG culture, lifestyle and protocol

4. TCG members and associates are aligned with the larger "Crip" organized gang culture of the western United States. As such, they maintain rivalries with "Blood" criminal organizations and use violence against members of those organizations as a means of protecting their enterprise and gaining prestige. TCG members and associates also maintain rivalries with the "Tongan Crip Regulators" and "Baby Regulators," criminal street gangs whose original members broke away from TCG.

5. Membership is informal and loosely organized around "families" and "generations." These "families" have names such as "Down," "Loc," "Roc," or "Nut" and consist of members who may be related to each other or associate together within the enterprise. These names are attached as a suffix to a member's gang name as a moniker once the member is sponsored and recruited into the gang by that family. The "generations" of the enterprise align generally with members of the same age group.

6. Membership rites of passage were originally more formal and involved the prospective member committing crimes of violence on behalf of the enterprise followed by a "courting" or "jumping in" where the prospective member fought other members as

4

a display of his strength and courage.  More recently, associates or prospective members "put in work" to show their dedication to the enterprise. This "work" involves committing robberies and/or assaults on behalf of the enterprise. There is no formal method for declaring an individual a member, but once an associate puts in sufficient "work" and shows dedication to the enterprise, that individual is considered by others as a member.

7.  Within the enterprise there is no formal structure or hierarchy. Members who have the most influence, referred to as "juice" or "street cred," are considered "shot callers" and have the ability to direct the activities of other members of the organization. These members gain that influence through their commission of criminal acts on behalf of the enterprise or violence against members who do not fully support the enterprise.

8.  Members identify themselves through clothing, tattoos, hand signs and graffiti. As a "Crip" set, members generally wear the color blue in an article of clothing or bandanna. Tattoos often involve some variation of the letters "TCG" or the words "Tongan" or "Crip" as well as "Glendale" or the numbers "102" or "104." "Glendale" refers to the area of Salt Lake City where most members live; "104" is the last three digits of the zip code for that area; and "102" refers to a street in Inglewood, California, the city where TCG originated. Hand signs often involve making the letters "T," "C," and/or "G." Graffiti includes such items as "roll calls" of gang member monikers as well as gang symbols and numbers.

## COUNT I
### (18 U.S.C. § 1962(d), Racketeering Conspiracy)

9.  The allegations contained in paragraphs 1 through 8 are realleged and incorporated as though fully set forth in this paragraph.

10.  Beginning on or about 2002 and continuing thereafter through and including the date of this Second Superseding Indictment, both dates being approximate and inclusive, within the Central Division of the District of Utah and elsewhere, the Defendants,

**SIALE ANGILAU aka "C-Down,"**
**PENISIMANI FANGUPO aka "Deuce,"**
**ERIC KAMAHELE aka "Smooth,"**
**VILLIAMI LOUMOLI aka "Eazy-V,"**
**KEPA MAUMAU aka "Kap-Loc,"**
**GEORGE PUPUNU aka "T-Rex,"**
**MATAIKA TUAI aka "Fish,"**
**JOHN TUAKALAU aka "Sin-Loc," and**
**PETER TUIAKI aka "Pistol-Pete,"**

together with others, being persons associated with the TCG enterprise, an enterprise that engaged in activities which affected interstate and foreign commerce, knowingly and intentionally conspired to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined by 18 U.S.C. § 1961(1) and (5), consisting of multiple acts involving:  Robbery, in violation of Utah Code Ann. § 76-6-301 and Arizona Revised Statutes Annotated § 13-1204,  and Murder, as defined in Utah Code Ann. § 76-5-201; and acts indictable under 18 U.S.C. § 1951(a).

It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

In furtherance of the conspiracy and in order to effect the objects thereof, the defendants and their co-conspirators, known and unknown to the grand jury, committed and caused to be committed the following OVERT ACTS, among others, in the Central Division of the District of Utah and elsewhere:

10.1.  On or about December 30, 2002, **SIALE ANGILAU** and another TCG member and associate robbed a 7-Eleven store and assaulted a store clerk in Salt Lake City, Utah.

10.2.  On or about December 31, 2002, **SIALE ANGILAU** and another TCG member and associate robbed a 7-Eleven store and assaulted a store clerk in Salt Lake City, Utah.

10.3.  On or about February 7, 2003, **GEORGE PUPUNU** and other TCG members and associates robbed a Maverick store in Salt Lake City, Utah.

10.4.  On or about July 28, 2003, **VILIAMI LOUMOLI, GEORGE PUPUNU** and other TCG members and associates robbed a 7-Eleven store in Salt Lake City, Utah.

10.5.  On or about August 18, 2003, **KEPA MAUMAU, GEORGE PUPUNU** and other TCG members and associates robbed a 7-Eleven store in Salt Lake City, Utah.

10.6.  On or about August 20, 2003, **KEPA MAUMAU** and other TCG members and associates robbed a 7-Eleven store and assaulted a store clerk in Salt Lake City, Utah.

10.7.  On or about August 23, 2003, **KEPA MAUMAU and GEORGE PUPUNU**

7

robbed a 7-Eleven store in Salt Lake City, Utah.

10.8.  On or about December 26, 2003, **VILIAMI LOUMOLI, GEORGE PUPUNU** and another TCG member and associate robbed a 7-Eleven store and assaulted a store clerk in Salt Lake City, Utah.

10.9.  On or about October 26, 2004, **MATAIKA TUAI** and other TCG members and associates robbed a Gen-X Clothing store and assaulted a store clerk in Taylorsville, Utah.

10.10.  On or about December 4, 2004, **SIALE ANGILAU** and other TCG members and associates robbed a 7-Eleven store, assaulted and robbed a store clerk, and fled from the police in Salt Lake City, Utah.

10.11.  On or about January 28, 2005, **PENISIMANI FANGUPO** carried a gun and, with other TCG members and associates, assaulted and robbed individuals and then fled from the police in Salt Lake City, Utah.

10.12.  On or about June 25, 2005, **PENISIMANI FANGUPO** and other TCG members and associates robbed a 7-Eleven store, assaulted a store clerk and fled from the police in Taylorsville, Utah.

10.13.  On or about October 29, 2005, **PETER TUIAKI**, and other TCG members and associates assaulted and robbed an individual in Salt Lake County, Utah.

10.14.  On or about January 28, 2006, **SIALE ANGILAU and MATAIKA TUAI** robbed a 7-Eleven store, assaulted a store clerk and fled from the police in Salt Lake City, Utah.

8

10.15.  On or about January 12, 2007, **PETER TUIAKI** carried a firearm and, along with **GEORGE PUPUNU**, robbed and assaulted an individual in Salt Lake City, Utah.

10.16.  On or about January 12, 2007, **PETER TUIAKI** and **GEORGE PUPUNU** attempted a carjacking in Salt Lake City, Utah, during which **TUIAKI** shot the occupant of the vehicle.

10.17.  On or about July 24, 2007, **SIALE ANGILAU, VILIAMI LOUMOLI** and another TCG member and associate committed a robbery of a 7-Eleven store in Salt Lake City, Utah, during which robbery **ANGILAU** assaulted one store clerk and shot another.

10.18.  On or about July 30, 2007, **VILIAMI LOUMOLI and JOHN TUAKALAU**, while brandishing firearms, robbed a Beto's Restaurant and assaulted an employee in Salt Lake City, Utah.

10.19.  On or about August 1, 2007, **JOHN TUAKALAU** and other TCG members and associates, while brandishing firearms, robbed a Factory 4 U store and assaulted a store employee in West Valley City, Utah.

10.20.  On or about October 14, 2007, **JOHN TUAKALAU** and another TCG member and associate, while brandishing a firearms, robbed a Beto's Restaurant in West Valley City, Utah.

10.21.  On or about December 21, 2007, **VILIAMI LOUMOLI, JOHN TUAKALAU**, and another TCG member and associate committed a robbery of a Gen X

9

Clothing store, in Salt Lake City, Utah, during which robbery, one of the TCG members and associates brandished and discharged a firearm.

10.22.  On or about January 9, 2008, **VILIAMI LOUMOLI** and other TCG members and associates committed a robbery of a Factory 4 U store in West Valley City, Utah, during which robbery **LOUMOLI** brandished and discharged a firearm.

10.23.  On or about January 18, 2008, **ERIC KAMAHELE** and other TCG members and associates committed a robbery of a Republic Parking booth attendant at the Hilton Hotel in Salt Lake City, Utah, during which robbery, one of the TCG members and associates brandished a firearm.

10.24.  On or about February 1, 2008, **VILIAMI LOUMOLI** and another TCG member and associate committed a robbery at a Molca Salsa restaurant in Salt Lake County, Utah, during which robbery the two brandished firearms and one of them discharged a firearm.

10.25.  On or about February 8, 2008, **JOHN TUAKALAU** and another TCG member and associate brandished firearms and robbed an Italian Village restaurant in Murray, Utah.

10.26.  On or about March 2, 2008, **JOHN TUAKALAU**, and another TCG member and associate committed a robbery at an Alberto's Mexican Food restaurant in Murray, Utah, during which robbery **TUAKALAU** brandished a firearm.

10.27.  On or about March 2, 2008, **JOHN TUAKALAU** and another TCG member and associate brandished firearms and robbed a Rancherito's Mexican Food restaurant in South Salt Lake City, Utah.

10.28.  On or about March 15, 2008, **VILIAMI LOUMOLI** and another TCG member and associate committed a robbery at a Chuck-A-Rama restaurant in Salt Lake City, Utah, during which robbery, one of the TCG members and associates brandished a firearm.

10.29.  On or about March 21, 2008, **VILIAMI LOUMOLI, JOHN TUAKALAU** and another TCG member and associate committed a robbery at a McDonald's restaurant in Riverton, Utah, during which robbery, two of the TCG members and associates brandished firearms.

10.30.  On or about August 12, 2008, **KEPA MAUMAU** and another TCG member and associate committed a robbery at a Gen-X Clothing store in South Ogden, Utah, during which robbery **MAUMAU** brandished a firearm.

10.31.  On or about August 19, 2008, **KEPA MAUMAU**, and another TCG member and associate committed a robbery at an El Pollo Loco restaurant in Tempe, Arizona, during which robbery, one of the TCG members and associates brandished a firearm.

10.32.  On or about August 19, 2008, **KEPA MAUMAU**, and another TCG member and associate committed a robbery at a Jack in the Box restaurant in Tempe,

Arizona, during which robbery, one of the TCG members and associates brandished a firearm.

10.33.  On or about September 25, 2008, **ERIC KAMAHELE, MATAIKA TUAI** and other TCG members and associates attempted to commit a robbery at a Wal-Mart store in Riverton, Utah, during which robbery **KAMAHELE** brandished a firearm.

10.34.  During the course of the conspiracy, **ERIC KAMAHELE** and other TCG members and associates maintained MySpace accounts where they posted photographs, writings and communications related to TCG activities and court proceedings.

All in violation of 18 U.S.C. § 1962(d).


## COUNT II
### (18 U.S.C. § 1951(a), Hobbs Act Robbery)

11.  The allegations contained in paragraphs 2 - 8 are realleged and incorporated as if fully set forth in this paragraph.

12.  On or about June 25, 2005, in the Central Division of the District of Utah,

**PENISIMANI FANGUPO and DAVID KAMOTO,**

defendants herein, did take and attempt to take from employees of the 7-Eleven, 3180 West 5400 South, Taylorsville, Utah, by physical violence and threatened physical violence, commodities which belonged to and were in the care, custody, control, management and possession of the 7-Eleven, and by committing such robbery, obstructed, delayed, and affected commerce, and the movement of articles and

commodities in interstate commerce in any way and to any degree, and did aid and abet

therein; all in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2.

## COUNT III
### (18 U.S.C. § 1959(a)(2), Maiming in Aid of Racketeering)

13.  At all times relevant to this Second Superseding Indictment, TCG, including

its leadership, membership and associates, constituted an "enterprise" as defined in 18

U.S.C. § 1959(b)(2), that is, a group of individuals associated in fact that was engaged in,

and the activities of which affected, interstate and foreign commerce.  The enterprise

constituted an ongoing organization whose members functioned as a continuing unit for a

common purpose of achieving the objectives of the enterprise.

14.  At all times relevant to this Second Superseding Indictment, TCG, through its

members and associates, engaged in racketeering activity, as defined in 18 U.S.C. §§

1959(b)(1) and 1961(1), that is, acts and threats involving robbery, assault with a

dangerous weapon and assault resulting in serious bodily injury, in violation of the laws

of the States of Utah and Arizona, and the United States.

15.  The allegations contained in paragraphs 2 - 8 are realleged and incorporated as

if fully set forth in this paragraph.

16.  On or about June 25, 2005, in the Central Division of the District of Utah,

**PENISIMANI FANGUPO and DAVID KAMOTO,**

defendants herein, for the purpose of maintaining and increasing position in TCG, an

enterprise engaged in racketeering activities, did maim an individual whose identity is

known to the Grand Jury, and did aid and abet therein, in violation of Utah Code Ann.

§ 76-5-105 and § 76-2-202; all in violation of 18 U.S.C. § 1959(a)(2) and 18 U.S.C. § 2.

## COUNT IV
### (18 U.S.C. § 1959(a)(3), Assault With a Dangerous Weapon in Aid of Racketeering)

17.  The allegations contained in paragraphs 2 - 8 and 13 - 14 are realleged and incorporated as if fully set forth in this paragraph.

18.  On or about January 12, 2007, in the Central Division of the District of Utah,

### GEORGE PUPUNU and PETER TUIAKI,

defendants herein, for the purpose of maintaining and increasing position in TCG, an enterprise engaged in racketeering activities, did assault with a dangerous weapon an individual whose identity is known to the Grand Jury, and did aid and abet therein, in violation of Utah Code Ann. § 76-5-103 and § 76-2-202; all in violation of 18 U.S.C. § 1959(a)(3) and 18 U.S.C. § 2.

## COUNT V
### (18 U.S.C. § 924(c), Brandishing a Firearm During a Crime of Violence)

19.  On or about January 12, 2007, in the Central Division of the District of Utah,

### GEORGE PUPUNU and PETER TUIAKI,

defendants herein, during and in relation to the crime of violence alleged in Count IV of this Second Superseding Indictment, did knowingly use, carry and brandish a firearm, and did aid and abet therein, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

## COUNT VI
### (18 U.S.C. § 2119(2), Carjacking)

20.  The allegations contained in paragraphs 2 - 8 are realleged and incorporated as if fully set forth in this paragraph.

21.  On or about January 12, 2007, in the Central Division of the District of Utah,

**GEORGE PUPUNU and PETER TUIAKI,**

defendants herein, did knowingly and with the intent to cause death and serious bodily

harm, take a motor vehicle that had been transported, shipped and received in interstate or

foreign commerce from the person or presence of another by force and violence and by

intimidation, and did aid and abet therein, in violation of 18 U.S.C. § 2119(2) and 18

U.S.C. § 2.

## COUNT VII
### (18 U.S.C. § 1959(a)(3), Assault With a Dangerous Weapon in Aid of Racketeering)

22.  The allegations contained in paragraphs 2 - 8 and 13 - 14 are realleged and

incorporated as if fully set forth in this paragraph.

23.  On or about January 12, 2007, in the Central Division of the District of Utah,

**GEORGE PUPUNU and PETER TUIAKI,**

defendants herein, for the purpose of maintaining and increasing position in TCG, an

enterprise engaged in racketeering activities, did assault with a dangerous weapon an

individual whose identity is known to the Grand Jury and did aid and abet therein, in

violation of Utah Code Ann. § 76-5-103 and § 76-2-202; all in violation of 18 U.S.C. §

1959(a)(3) and 18 U.S.C. § 2.

## COUNT VIII
### (18 U.S.C. § 924(c), Discharging a Firearm During a Crime of Violence)

24.  On or about January 12, 2007, in the Central Division of the District of Utah,

**GEORGE PUPUNU and PETER TUIAKI,**

15

defendants herein, during and in relation to the crimes of violence alleged in Counts VI and VII of this Second Superseding Indictment, did knowingly use, carry, brandish and discharge a firearm, and did aid and abet therein, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

## COUNT IX
### (18 U.S.C. § 1959(a)(3), Assault With a Dangerous Weapon in Aid of Racketeering)

25.  The allegations contained in paragraphs 2 - 8 and 13 - 14 are realleged and incorporated as if fully set forth in this paragraph.

26.  On or about February 3, 2007, in the Central Division of the District of Utah,

**DAVID KAMOTO, DANIEL MAUMAU and SITAMIPA TOKI,**

defendants herein, for the purpose of maintaining and increasing position in TCG, an enterprise engaged in racketeering activities, did assault with a dangerous weapon, individuals whose identities are known to the Grand Jury, and did aid and abet therein, in violation of Utah Code Ann. § 76-5-103 and § 76-2-202; all in violation of 18 U.S.C. § 1959(a)(3) and 18 U.S.C. § 2.

## COUNT X
### (18 U.S.C. § 924(c), Discharging a Firearm During a Crime of Violence)

27.  On or about February 3, 2007, in the Central Division of the District of Utah,

**DAVID KAMOTO, DANIEL MAUMAU and SITAMIPA TOKI,**

defendants herein, during and in relation to the crime of violence alleged in Count IX of this Second Superseding Indictment, did knowingly use, carry, brandish and discharge a

firearm, and did aid and abet therein, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. §

2.

## COUNT XI
### (18 U.S.C. § 1959(a)(6), Conspiracy to Commit Assault Resulting in Serious Bodily Injury in Aid of Racketeering)

28.  The allegations contained in paragraphs 2 - 8 and 13 - 14 are re-alleged and

incorporated as if fully set forth in this paragraph.

29.  On or about February 24, 2007, in the Central Division of the District of Utah,

**DAVID KAMOTO, DANIEL MAUMAU, SITAMIPA
TOKI and DAVID WALSH,**

defendants herein, for the purpose of maintaining and increasing position in TCG, an

enterprise that was engaged in racketeering activity, did conspire to commit a crime

involving assault resulting in serious bodily injury against an individual whose identity is

known to the Grand Jury, and did aid and abet therein, in violation of Utah Code Ann.

§ 76-5-103 and § 76-2-202; all in violation of 18 U.S.C. § 1959(6) and 18 U.S.C. § 2.

## COUNT XII
### (18 U.S.C. § 924(c), Discharging a Firearm During a Crime of Violence)

30.  On or about February 24, 2007, in the Central Division of the District of Utah,

**DAVID KAMOTO, DANIEL MAUMAU, SITAMIPA
TOKI and DAVID WALSH,**

defendants herein, during and in relation to the crime of violence alleged in Count XI of

this Second Superseding Indictment, did knowingly use, carry, brandish and discharge a

firearm, and did aid and abet therein, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. §

2.

## COUNT XIII
## (18 U.S.C. § 1959(a)(3), Assault With a Dangerous Weapon in Aid of Racketeering)

31.  The allegations contained in paragraphs 2 - 8 and 13 - 14 are re-alleged and incorporated as if fully set forth in this paragraph.

32.  On or about June 9, 2007, in the Central Division of the District of Utah,

**CHARLES MOA,**

defendant herein, together with others, for the purpose of maintaining and increasing position in TCG, an enterprise engaged in racketeering activity, did assault with a dangerous weapon an individual whose identity is known to the Grand Jury, and did aid and abet therein, in violation of Utah Code Ann. § 76-5-103 and § 76-2-202; all in violation of 18 U.S.C. § 1959(a)(3) and 18 U.S.C. § 2.

## COUNT XIV
## (18 U.S.C. § 924(c), Discharging a Firearm During a Crime of Violence)

33.  On or about June 9, 2007, in the Central Division of the District of Utah,

**CHARLES MOA,**

defendant herein, during and in relation to the crime of violence alleged in Count XIII of this Second Superseding Indictment, did knowingly use, carry, brandish and discharge a firearm, and did aid and abet therein, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

## COUNT XV
## (18 U.S.C. § 1959(a)(3), Assault With a Dangerous Weapon in Aid of Racketeering)

34.  The allegations contained in paragraphs 2 - 8 and 13 - 14 are realleged and incorporated as if fully set forth in this paragraph.

18

35.  On or about June 9, 2007, in the Central Division of the District of Utah,

**CHARLES MOA,**

defendant herein, together with others, for the purpose of maintaining and increasing

position in TCG, an enterprise engaged in racketeering activity, did assault with a

dangerous weapon an individual whose identity is known to the Grand Jury, and did aid

and abet therein, in violation of Utah Code Ann. § 76-5-103 and § 76-2-202; all in

violation of 18 U.S.C. § 1959(a)(3) and 18 U.S.C. § 2.

<u>**COUNT XVI**</u>
<u>**( 18 U.S.C. § 111(a), Assault on a Federal Officer )**</u>

36.  The allegations contained in paragraphs 2 - 8 are re-alleged and incorporated

as if fully set forth in this paragraph.

37.  On or about August 11, 2007, in the Central Division of the District of Utah,

**SIALE ANGILAU,**

defendant herein, using a deadly and dangerous weapon, did forcibly assault, resist,

oppose, impede, intimidate and interfere with two federal officers who were engaged in

the performance of their official duties, and did aid and abet therein, in violation of 18

U.S.C. § 111(a) and (b) and 18 U.S.C. § 2.

<u>**COUNT XVII**</u>
<u>**( 18 U.S.C. § 1959(a)(3), Assault With a Dangerous Weapon in Aid of Racketeering )**</u>

38.  The allegations contained in paragraphs 2 - 8 and 13 - 14 are re-alleged and

incorporated as if fully set forth in this paragraph.

39.  On or about August 11, 2007, in the Central Division of the District of Utah,

**SIALE ANGILAU,**

defendant herein, for the purpose of maintaining and increasing position in TCG, an

enterprise engaged in racketeering activity, did assault with a dangerous weapon two

individuals whose identities are known to the Grand Jury, and did aid and abet therein, in

violation of Utah Code Ann. § 76-5-103 and and § 76-2-202; all in violation of 18 U.S.C.

§ 1959(a)(3) and 18 U.S.C. § 2.

## COUNT XVIII
### (18 U.S.C. § 924(c), Discharging a Firearm During a Crime of Violence)

40.  On or about August 11, 2007, in the Central Division of the District of Utah,

**SIALE ANGILAU,**

defendant herein, during and in relation to the crime of violence alleged in Counts XVI

and XVII of this Second Superseding Indictment, did knowingly use, carry, brandish and

discharge a firearm, and did aid and abet therein, in violation of 18 U.S.C. § 924(c) and

18 U.S.C. § 2.

## COUNT XIX
### ( 18 U.S.C. § 1959(a)(3), Assault With a Dangerous Weapon in Aid of Racketeering )

41.  The allegations contained in paragraphs 2 - 8 and 13 - 14 are re-alleged and

incorporated as if fully set forth in this paragraph.

42.  On or about January 18, 2008, in the Central Division of the District of Utah,

**ERIC KAMAHELE,**

defendant herein, for the purpose of maintaining and increasing position in TCG, an

enterprise engaged in racketeering activity, did assault with a dangerous weapon, an

individual whose identity is known to the Grand Jury, and did aid and abet therein, in

violation of Utah Code Ann. § 76-5-103 and § 76-2-202; all in violation of 18 U.S.C. §

1959(a)(3) and 18 U.S.C. § 2.

### COUNT XX
### (18 U.S.C. § 924(c), Brandishing a Firearm During a Crime of Violence)

43.  On or about January 18, 2008, in the Central Division of the District of Utah,

### ERIC KAMAHELE,

defendant herein, during and in relation to the crime of violence alleged in Count XIX of

this Second Superseding Indictment, did knowingly use, carry and brandish a firearm, and

did aid and abet therein, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

### COUNT XXI
### (18 U.S.C. § 1951(a), Hobbs Act Robbery)

44.  The allegations contained in paragraphs 2 - 8 are realleged and incorporated as

if fully set forth in this paragraph.

45.  On or about August 12, 2008, in the Northern Division of the District of Utah,

### KEPA MAUMAU,

defendant herein, did take and attempt to take from employees at the Gen X Clothing

store, 4005 South Riverdale Road, South Ogden, Utah, by physical and threatened

physical violence, U.S. currency and commodities which belonged to and were in the

care, custody, control, management and possession of the Gen X clothing store, and by

committing such robbery, obstructed, delayed, and affected commerce and the movement

of articles and commodities in interstate commerce in any way and to any degree, and did

aid and abet therein; all in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2.

## COUNT XXII
### ( 18 U.S.C. § 1959(a)(3), Assault With a Dangerous Weapon in Aid of Racketeering )

46.  The allegations contained in paragraphs 2 - 8 and 13 - 14 are re-alleged and

incorporated as if fully set forth in this paragraph.

47.  On or about August 12, 2008, in the Northern Division of the District of Utah,

**KEPA MAUMAU,**

defendant herein, for the purpose of maintaining and increasing position in TCG, an

enterprise engaged in racketeering activity, did assault with a dangerous weapon, an

individual whose identity is known to the Grand Jury, and did aid and abet therein, in

violation of Utah Code Ann. § 76-5-103 and § 76-2-202; all in violation of 18 U.S.C. §

1959(a)(3) and 18 U.S.C. § 2.

## COUNT XXIII
### (18 U.S.C. § 924(c), Brandishing a Firearm During a Crime of Violence)

48.  On or about August 12, 2008, in the Northern Division of the District of Utah,

**KEPA MAUMAU,**

defendant herein, during and in relation to the crime of violence alleged in Counts XXI

and XXII of this Second Superseding Indictment, did knowingly use, carry and brandish a

firearm, and did aid and abet therein; all in violation of 18 U.S.C. § 924(c) and 18 U.S.C.

§ 2.

**COUNT XXIV**
**(18 U.S.C. § 1959(a)(3), Assault With a Dangerous Weapon in Aid of Racketeering)**

49.  The allegations contained in paragraphs 2 - 8 and 13 - 14 are realleged and incorporated as if fully set forth in this paragraph.

50.  On or about August 19, 2008, in the District of Arizona,

**KEPA MAUMAU,**

defendant herein, for the purpose of maintaining and increasing position in TCG, an enterprise engaged in racketeering activities, did assault with a dangerous weapon an individual whose identity is known to the Grand Jury, and did aid and abet therein, in violation of Arizona Rev. Stat. Ann.§ 13-1204 and § 13-303; all in violation of 18 U.S.C. § 1959(a)(3) and 18 U.S.C. § 2.

**COUNT XXV**
**(18 U.S.C. § 924(c), Brandishing a Firearm During a Crime of Violence)**

51.  On or about August 19, 2008, in the District of Arizona,

**KEPA MAUMAU,**

defendant herein, during and in relation to the crime of violence alleged in Count XXIV of this Second Superseding Indictment, did knowingly use, carry and brandish a firearm, and did aid and abet therein; all in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

**COUNT XXVI**
**(18 U.S.C. § 1959(a)(3), Assault With a Dangerous Weapon in Aid of Racketeering)**

52.  The allegations contained in paragraphs 2 - 8 and 13 - 14 are realleged and incorporated as if fully set forth in this paragraph.

53.  On or about August 19, 2008, in the District of Arizona,

**KEPA MAUMAU,**

defendant herein, for the purpose of maintaining and increasing position in TCG, an

enterprise engaged in racketeering activities, did assault with a dangerous weapon an

individual whose identity is known to the Grand Jury, and did aid and abet therein, in

violation of Arizona Rev. Stat. Ann.§ 13-1204 and § 13-303; all in violation of 18 U.S.C.

§ 1959(a)(3) and 18 U.S.C. § 2.

### COUNT XXVII
### (18 U.S.C. § 924(c), Brandishing a Firearm During a Crime of Violence)

54.  On or about August 19, 2008, in the District of Arizona,

**KEPA MAUMAU,**

defendant herein, during and in relation to the crime of violence alleged in Count XXVI

of this Second Superseding Indictment, did knowingly use, carry and brandish a firearm,

and did aid and abet therein; all in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

### COUNT XXVIII
### (18 U.S.C. § 1951(a), Hobbs Act Robbery)

55.  The allegations contained in paragraphs 2 - 8 are realleged and incorporated as

if fully set forth in this paragraph.

56.  On or about September 25, 2008, in the Central Division of the District of

Utah,

**ERIC KAMAHELE, MATAIKA TUAI, LATUTAOFIEIKII FAKAOSIULA,
VAINGA KINIKINI, and TEVITA TOLUTAU,**

defendants herein, did attempt to take from employees, against their will, at Wal-Mart,

13502 South Hamilton View Road, Salt Lake County, Utah, by physical force and

violence, threatened force and violence and fear of injury, U.S. currency, which belonged

to and was in the care, custody, control, management and possession of Wal-Mart, and by

attempting and conspiring to commit such robbery, obstructed, delayed and affected

commerce or the movement of articles and commodities in interstate commerce, and did

aid and abet therein; in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2.

## COUNT XXIX
### (18 U.S.C. § 924(c), Brandishing a Firearm During a Crime of Violence)

57.  On or about September 25, 2008, in the Central Division of the District of
Utah,

**ERIC KAMAHELE, MATAIKA TUAI, LATUTAOFIEIKII FAKAOSIULA,
VAINGA KINIKINI, and TEVITA TOLUTAU,**

the defendants herein, during and in relation to the crime of violence alleged in Count

XXVIII of this Second Superseding Indictment, did knowingly use, carry and brandish a

firearm, that is, a shotgun, and did aid and abet therein, in violation of 18 U.S.C. § 924(c)

and 18 U.S.C. § 2.

A TRUE BILL:

/ S /

FOREPERSON OF THE GRAND JURY

CARLIE CHRISTENSEN
Acting United States Attorney

WILLIAM K. KENDALL
VEDA M. TRAVIS
Assistant United States Attorney

25